UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MONICA WILLIAMS,

    Plaintiff,

**JURY TRIAL DEMANDED**

R & R VENTURES, INC., a Florida corporation
d/b/a AMERICLEAN, and GEORGE R. RESAUL,

    Defendants.
_____/

### COMPLAINT FOR DAMAGES

Plaintiff, MONICA WILLIAMS, ("WILLIAMS"), by and through her undersigned attorney, files this, her Complaint for Damages against Defendants, R & R VENTURES, INC., a Florida corporation d/b/a AMERICLEAN, (hereinafter "AMERICLEAN"), and GEORGE R. RESAUL (hereinafter "RESAUL"), and states as follows:

### INTRODUCTION

This is an action to recover unpaid minimum wages and overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq.* (hereinafter "FLSA").

### JURISDICTION

1. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.  At all times pertinent to this Complaint, the corporate Defendant, AMERICLEAN, was an enterprise engaged in interstate commerce.  At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in

commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

2. The Defendants are subject to the jurisdiction of the Unites States District Court because they engage in substantial and not isolated activity within this judicial district.

3. The Defendants are also subject to the jurisdiction of the United States District Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

4. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in Broward County, Florida, in the Southern District of Florida;

    b. Defendants were and continue to be a Florida corporation and an individual doing business within this judicial district.

## PARTIES

5. At all times material hereto, Plaintiff, WILLIAMS, was and continues to be a resident of Miramar, Broward County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

6. At all times material hereto, Defendants, AMERICLEAN and RESAUL were the employers of Plaintiff, WILLIAMS.

7. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

8. At all times material hereto, Defendants knowingly and willfully failed to pay WILLIAMS her lawfully earned wages in conformance with the FLSA.

9. At all times material hereto, Defendant, AMERICLEAN was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all times material hereto, the work performed by Plaintiff, WILLIAMS, was directly essential to the business performed by the Defendants.

11. At all times material hereto, Defendant, RESAUL was a manager and or officer/director, who was involved in the day-to-day operations of the Defendant corporation and/or supervised the work of the Plaintiff.

12. Defendant, RESAUL was directly involved in decisions affecting employee compensation and /or hours worked by Plaintiff, WILLIAMS.

13. Plaintiff, WILLIAMS, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATMENT OF FACTS

14. Starting on or about February 24, 2011, Plaintiff worked as a customer service representative and counter person at the Defendants' dry cleaning stores.

15. Plaintiff's employment ended on or about July 16, 2011.

16. Throughout WILLIAMS' employment, she often worked over forty (40) hours per week.

17. Defendants paid WILLIAMS a weekly rate of $300.00 per week for 59 hours of work per week.

18. Defendants knowingly and willfully operated their business with a policy of not paying the overtime rate of time and one-half for hours worked in excess of the maximum hours provided by the FLSA, to the Plaintiff.

19. Defendants knowingly and willfully operated their business with a policy of not compensating their employees at or above the FLSA minimum wage.

20. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

21. Plaintiff realleges Paragraphs 1 through 20 as if fully stated herein.

22. Since Plaintiff's date of hire with Defendants, in addition to Plaintiff, WILLIAMS' normal regular work week, Plaintiff worked additional hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half.

23. Plaintiff, WILLIAMS was entitled to be paid at the rate of time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

24. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by WILLIAMS in excess of the maximum hours provided for in the FLSA.

25. Plaintiff, WILLIAMS was entitled to be paid at the rate of time and one-half for all her hours worked in excess of the maximum hours provided for in the FLSA.

26. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff,

WILLIAMS intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, she will then seek leave of Court to amend her Complaint for Damages to set forth the precise amount due her.

27. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, WILLIAMS at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

28. Defendants failed to properly disclose or apprise Plaintiff, WILLIAMS, of her rights under the FLSA.

29. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, WILLIAMS, is entitled to liquidated damages pursuant to the FLSA.

30. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff, WILLIAMS, has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

31. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, WILLIAMS respectfully requests that judgment be entered in her favor against the Defendants:

    a.    Declaring that Defendants, have violated the maximum hour provisions of 29 U.S.C. § 207;

    b.    Awarding Plaintiff overtime compensation in the amount calculated;

    c.    Awarding Plaintiff liquidated damages in the amount calculated;

 d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

 e. Awarding Plaintiff post-judgment interest; and

 f. Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

## VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

32. Plaintiff realleges Paragraphs 1 through 20 of this Complaint as if fully set forth herein.

33. Plaintiff, WILLIAMS' employment with Defendants was to consist of a normal workweek for which she was to be compensated at or above the FLSA minimum wage.

34. 29 U.S.C. § 206 and requires that any non-exempt employee covered by the FLSA be paid her minimum wages.

35. Plaintiff worked hours for the Defendants for which she was not paid the statutory minimum wage.

36. Defendants' violation of the FLSA concerning payment of minimum wages was willful.

37. Defendants knew and/or showed a reckless disregard for the provisions of the FLSA concerning the payment of minimum wages to the Plaintiff.

38. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

1930 Tyler Street •Hollywood, FL  33020 • Phone (954) 922-2298 • Fax (954) 922-5455
6

a. judgment in her favor against Defendants for all unpaid minimum wages due or payable;

b. liquidated damages;

c. attorney's fees and costs pursuant to the FLSA;

d. post-judgment interest; and

e. all other and further relief this Court deems to be just and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED: August 17, 2011.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
1930 Tyler Street
Hollywood, FL 33020
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By: s/. Peter Bober
    PETER BOBER
    FBN: 0122955
    SAMARA ROBBINS BOBER
    FBN: 0156248
